# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICHARD E. KUNZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:04-CV- 1283 CAS |
| v. | ) |
| | ) |
| MASON R. HINN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion for a bill of costs. Plaintiff has filed a motion to strike, as well as objections to defendant's motion. Defendant did not file a reply.

Plaintiff first moves to strike defendant's bill of costs as untimely. Defendant admits his motion was filed five days out of time, but states that he is not aware of any prejudice to plaintiff or his attorney by reason of the late filing. This Court agrees and in its discretion will consider the motion on the merits.

Plaintiff has filed a bill of costs seeking a total of $792.68. Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, the Court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian American Oil Co., 379 U.S. 227, 232-33, 235 (1964); Alexander v. National Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982), cert. denied, 461 U.S. 937 (1983); Davis v. Parratt, 608 F.2d 717, 718 (8th Cir. 1979). The Court will address in turn each item of cost sought by plaintiff.

A.  **Fees for Service**.

Defendant seeks the sum of $48.00 for service of subpoena to Police Officer Taylor by Eulberg and Associates. Plaintiff objects to the taxation of this sum on the basis that his testimony was not necessary in this case and not used at trial. Defendant does not address this objection. The Court notes, however, a private process server was used. The Eighth Circuit has held that such costs are not recoverable under §1920. Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985) (no provision for special process server in section 1920). Accordingly, the Court will not tax this cost

B.  **Fees of Court Reporter for Transcripts Necessarily Obtained for Use in the Case**.

Plaintiff seeks a total of $666.85 for stenographic transcripts, as follows: $218.95 for the deposition of Dr. Simon Horenstein; $36.40 for a deposition of Dr. Ravi Shitut; $180.25 videography services for deposition of Dr. Horenstein; and $231.25 for the depositions of plaintiff and defendant. Plaintiff objects to the deposition costs of Dr. Horenstein, as well as his videography costs, for the reason that it was not necessary to take the video deposition of Dr. Horenstein since he appeared live at trial and it was defendant's intent to call Dr. Horenstein live at trial.

Although § 1920 allows courts to award costs for "stenographic transcript[s] necessarily obtained for use in the case," many court have awarded costs for the videotaping of depositions on the theory that a videotape is a substitute for a stenographic transcript of the deposition. See Tilton v. Capital Cities/ABS, Inc., 115 F.3d 1471, 1477 (10th Cir. 1997) (citing other courts that have awarded costs of videotaped depositions). "[V]ideotaped depositions are a necessary and time effective method of preserving witnesses' time and allocating precious court and judicial time in this age of advanced court technology and over-crowded court calendars. [Thus, w]e must not seem

reluctant to adopt any and all time-saving methods that serve to improve our system of justice." Commercial Credit Equip. Corp. v. Stamps, 920 F.2d 1361, 1368 (7th Cir.1990). This Court has previously approved the taxation of video depositions as a cost. See, e.g., Glastetter v. Novartis Pharmaceuticals Corp., No. 1:97-CV-131 ERW (Order of Oct. 3, 2000); Union Electric Co. v. Consolidation Coal Co., No. 4:96-CV-1881 JCH (Order of Jan. 26, 2000); Anderson v. Franklin County, No. 4:95-CV-1675 RWS (Order of June 29, 1999). However, the Court has also held that a party cannot recover for both the cost of a deposition transcript and a videotaped deposition of the same witness. See Carroll v. Henderson, No. 4:98-CV-342 CAS (Mem. and Order of May 17, 2001). Therefore the Court will tax only for the deposition transcript of 218.95.

**C.     Fees for Exemplification and Copies of Papers Necessarily Obtained for Use in the Case.**

Defendant seeks $77.83 printing expenses of medical records. Plaintiff does not object. The Court will allow for these expenses in full.

For the reasons set forth in this memorandum, the Court will direct the Clerk of the Court to tax the following costs in favor of plaintiff:

| Fees of Court Reporter | (Horenstein deposition) | $218.95 |
|---|---|---|
|  | (Shitut deposition) | 36.40 |
|  | (parties' depositions) | 231.25 |
| Copying Expenses |  | 77.83 |
| TOTAL TAXABLE COSTS |  | $564.43 |

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike and objection to allowance of defendant's bill of costs is **granted in part and denied in part as set forth herein**. [Doc. 31]

3

**IT IS FINALLY ORDERED** that the Clerk of the Court shall tax costs of this matter in favor of defendant in the amount of Five Hundred Sixty Four Dollars and Forty Three Cents ($564.99).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of March, 2006.